996 F.2d 1219
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Lisa L. REED, as personal representative of the Estate of
Gregory L. Reed, deceased, Plaintiff-Appellant,
v.
The TOWN OF NORTH JUDSON, INDIANA, a municipal corporation,
John Sallee and Charles Hurd, Defendants-Appellees.
 No. 92-2267.
 United States Court of Appeals, Seventh Circuit.
 Argued Jan. 27, 1993.
Decided May 21, 1993.
 
 1
 Before CUMMINGS and KANNE, Circuit Judges, and MIHM, Chief District Judge*.
 
 ORDER
 
 2
 Appellant Lisa L. Reed, as personal representative of the Estate of Gregory L. Reed, deceased, appeals from a Motion for Summary Judgment granted in favor of Defendants The Town of North Judson, Indiana, John Sallee, and Charles Hurd on May 1, 1992 by the Honorable Robert L. Miller, Jr., U.S. District Judge for the Northern District of Indiana. For the reasons stated below, the Court affirms the granting of summary judgment in favor of the Defendants.
 
 
 3
 Officer Hurd was off duty and at his home when he received a late night call from the county police dispatcher regarding a disturbance. He drove his family car to the reported site of the disturbance where he received another dispatch regarding a prowler at a nearby home. Officer Hurd was wearing a winter coat with a police department insignia on the left shoulder and a badge at the left pocket area, a baseball type hat that Officer Hurd believes had the words "Police Department" on it, and his police utility belt.
 
 
 4
 The residents of that home informed Officer Hurd of an earlier disturbance involving Gregory Reed and that they believed Mr. Reed had broken their car window. While patrolling the neighborhood, Officer Hurd indicated hearing a loud crashing noise at the rear of his car. He reported that when he turned around Mr. Reed was coming toward the open driver's side window of Officer Hurd's car carrying a tire jack two and one half to three feet long. Officer Hurd stated that the snow and slush on the street frustrated his attempt to accelerate the car forward away from Mr. Reed and that Mr. Reed began thrusting the tire jack at him through the window of Officer Hurd's vehicle. Officer Hurd put the car in reverse and backed up approximately thirty feet before the car lost traction. The car still would not go forward. Mr. Reed continued the attack, and Officer Hurd received contusions on his right wrist and arm, but he was not seriously injured.
 
 
 5
 Officer Hurd testified in deposition that during this incident he was unable to reach the button to raise his power windows, to reach his radio to call for assistance, or to slide across the car seat to the passenger's side. He stated that he identified himself as a police officer to Mr. Reed and told Mr. Reed that he had a gun. Officer Hurd testified that he warned Mr. Reed a second time that he was an armed police officer, but Mr. Reed continued to thrust the tire jack through the car window. Officer Hurd testified that he felt trapped and in fear of his life. Officer Hurd stated that he took his right hand off the steering wheel, unholstered his weapon, aimed the weapon at the middle mass of Mr. Reed, and fired one shot. Officer Hurd stated that he then immediately radioed for an ambulance. Mr. Reed was dead on arrival at the hospital.
 
 
 6
 An autopsy performed on Mr. Reed on January 1, 1989, revealed that a bullet entered over the left upper abdomen at 45 inches above the left heel and 2 1/2 inches from the midline to the left, and there was no fouling or stippling present. The bullet was recovered from the subcutaneous tissues of Mr. Reed's right lower back 42 1/2 inches above the right heel and 3 1/2 inches from the midline to the right. Dr. Kaltenthaler concluded that the bullet was fired in a downward trajectory.
 
 
 7
 Appellant Lisa L. Reed, Gregory Reed's widow, brought this action pursuant to 42 U.S.C. § 1983 alleging violation of the Fourth and Fourteenth Amendments to the United States Constitution for excessive use of force by a police officer.
 
 DISCUSSION
 
 8
 In reviewing a district court's grant of summary judgment, this Court must determine "whether the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to the judgment as a matter of law." Colan v. Cutler-Hammer, Inc., 812 F.2d 357, 360 (7th Cir.) (per curiam), cert. denied, 484 U.S. 820 (1987), quoted in Wolf v. City of Fitchburg, 870 F.2d 1327, 1329 (7th Cir.1989). Appellate review of a summary judgment determination requires that this Court examine the record as a whole. If the record "could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.' " Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986), quoting First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 289 (1968). This Court undertakes a de novo review of the record, Central States, S.E. & S.W. Areas Pension Fund v. Jordan, 873 F.2d 149, 152 (7th Cir.1989), and draws all reasonable inferences from the record in the light most favorable to the non-movant. Matsushita Electric, 475 U.S. at 587; Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970); United States v. Diebold, Inc., 369 U.S. 654, 655 (1962); Schlifke v. Seafirst Corp., 866 F.2d 935, 937 (7th Cir.1989).
 
 
 9
 The issue here, as in every Fourth Amendment excessive use of force claim, is whether Officer Hurd's use of deadly force was objectively reasonable based on the facts and circumstances confronting him at the time the force was used. See, Graham v. Connor, 490 U.S. 386, 397 (1989). A police officer may use deadly force if he has reasonable cause to believe that a suspect poses a threat of serious physical harm to the officer or others, and the officer, if feasible, warns the suspect before using deadly force. Tennessee v. Garner, 471 U.S. 1, 11-12 (1985); Sherrod v. Berry, 856 F.2d 802, 805 (7th Cir.1988). The reasonableness of a police officer's use of deadly force "must be judged from the perspective of a reasonable officer on the scene, ..." at the moment the force was used, and not in hindsight. Graham, 490 U.S. at 396.
 
 
 10
 The Appellant argues that a genuine issue of material fact remains in this case as to whether, based on all the evidence, a reasonable trier of fact could find that Officer Hurd used excessive force in the apprehension of Gregory Reed. The Appellant argues that the evidence of the lack of serious injury to Officer Hurd as a result of Mr. Reed's attack, of the failure of Officer Hurd to evade the attack, and of the downward trajectory of the bullet indicated by the autopsy report create a triable issue of material fact.
 
 
 11
 The Appellant cites to three cases for the proposition that summary judgment should be denied when a plaintiff presents circumstantial evidence, from physical evidence and reasonable inferences, permitting a jury to conclude that an officer's use of force was unreasonable in the apprehension of a suspect.
 
 
 12
 In Kopf v. Wing, 942 F.2d 265 (4th Cir.1991), several police officers and a police canine unit cornered two armed robbery suspects, a man and a pregnant woman, behind a shed. The male suspect was hospitalized as a result of the arrest. The Fourth Circuit reversed summary judgment for the defendants based on, inter alia, conflicts between the officer's account of the incident and the testimony of the two suspects, the testimony of civilian witnesses to the incident, affidavits of experts on the use of canine units, and the lack of injury to the police officers. Kopf, 942 F.2d at 268.
 
 
 13
 In Samples v. Atlanta, 846 F.2d 1328 (11th Cir.1988), a police officer shot a sixteen-year-old suspect twice in the chest, twice in the left side, and once in the back. The police officer was the only witness to the incident. The officer testified that the suspect pulled a pocket knife out of his pocket, began to open it, and began to move closer to the officer. The Eleventh Circuit reversed summary judgment for the defendants because evidence existed from which a fact finder could conclude that the officer's use of force was unreasonable. Samples, 846 F.2d at 1332-33. The court listed the unopened pocket knife, the small size of the knife, three inches, the differences in size between the suspect and the officer, 128 and 225 pounds respectively, and entry of one of the bullets into the suspect's back as evidence creating an issue of material fact sufficient to defeat summary judgment. Samples, 846 F.2d at 1332.
 
 
 14
 Similarly, in Walmsley v. Philadelphia, 872 F.2d 546 (3rd Cir.1989), the Third Circuit reversed a directed verdict for the defendants based upon the circumstantial evidence of expert and witness testimony contradicting the officer's account of the incident. Walmsley, 872 F.2d at 552.
 
 
 15
 The Appellant contends that the circumstantial evidence here shows inconsistencies with Officer Hurd's account of the incident, and as a result summary judgment should not have been granted. Specifically, the Appellant points out that Officer Hurd stated he fended off approximately 24 to 36 alleged blows with his left hand, and yet Officer Hurd's right wrist and arm were treated for cuts and scratches. The Appellant questions the absence of substantial injuries to Officer Hurd's left arm and jacket, the absence of damage to the nylon coated tire jack, and the failure of any of the alleged jabs with the tire jack to strike Hurd in the head. The Appellant argues that a trier of fact could infer from the lack of injuries that Officer Hurd exaggerated the attack.
 
 
 16
 The Appellant points out that Officer Hurd stated that he was unable to move in or escape from the car, to radio for help, or to accelerate the car, and yet Officer Hurd was able to deflect the tire jack blows from Mr. Reed. The Appellant questions Officer Hurd's statements that he could not move during the attack and yet could fend off Mr. Reed's blows and draw his weapon. The Appellant also directs this Court to Officer Hurd's statement that snow created a traction problem for his car during the attack. The Appellant questions this with assertions that following the attack Officer Hurd's car did find traction.
 
 
 17
 The Appellant next questions the trajectory of the bullet as it entered the body and asserts that inferences from the trajectory ought to be left to the jury because a jury could find that the point of entry and the place of recovery of the bullet was not caused by a person sitting in a car with a victim outside the car. The Appellant asserts that a reasonable jury could infer that, if not seated in his car, Officer Hurd was not in reasonable apprehension for his safety.
 
 
 18
 The Appellant has the burden of demonstrating "the existence of a material conflict or that the inferences to be drawn therefrom are sufficient to justify submission to a jury on the issue." Ford v. Childers, 855 F.2d 1271, 1274 (7th Cir.1988). While the Court must review the record in the light most favorable to the non-movant, a party who bears the burden of proof on the particular issue may not rest on the pleading, but must set forth specific facts showing there is a genuine issue of material fact which requires a trial. Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986); Patrick v. Jasper County, 901 F.2d 561, 565 (7th Cir.1990). The "non-movant 'must do more than simply show that there is some metaphysical doubt as to the material facts.' " Brownell v. Figel, 950 F.2d 1285, 1293 (7th Cir.1991), quoting Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).
 
 
 19
 The cases cited by the Appellant, besides being from other circuits, include sufficient contradictory evidence to submit the case to a jury. In those cases there were other witnesses, expert affidavits, or significant physical evidence (such as the deceased person having been shot in the back). Here, no such evidence exists on the record before the Court to contradict the evidence supporting Officer Hurd's version of the event. Cf. Tom v. Voida, 963 F.2d 952, 961 (7th Cir.1992) (summary judgment affirmed where plaintiff only speculates on an alternative theory of the events and officer's version is corroborated by evidence).
 
 
 20
 Judge Miller's written opinion below was well reasoned. Officer Hurd did not have to point to any serious injury as a result of Mr. Reed's attack. An officer need only have an objectively reasonable belief in the existence of a threat of serious harm at the time of his action. Graham, 490 U.S. at 396; Sherrod, 856 F.2d at 807. Residents showed Officer Hurd a smashed car window and told him that Mr. Reed smashed the window with a tire jack. Officer Hurd testified that Mr. Reed attacked him with a tire jack, that his attempts to flee the attack failed, that he was trapped inside his car, and that his warnings to Mr. Reed were futile. The Appellant proffers no evidence to support a reasonable inference that Officer Hurd did not reasonably fear serious injury. In addition, Officer Hurd's wrist injuries corroborate his testimony.
 
 
 21
 The Appellant has not submitted any affirmative evidence contradicting Officer Hurd's testimony that he attempted to escape Mr. Reed's attack. Even where minor ambiguities exist in an officer's statements, a plaintiff must still come forward with affirmative evidence to support her theory of the case. Tom, 963 F.2d at 961. The Appellant must do more than speculate in the hope that a jury may choose to disbelieve the evidence or may find the testimony of the only witness incredible. Perfetti v. First Nat'l Bank, 950 F.2d 449, 456 (7th Cir.1991). Officer Hurd testified that his car had no traction forward and that after traveling approximately thirty feet in reverse the car lost traction in that direction. The Appellant failed to rebut that testimony with contradictory reports on weather conditions, expert testimony, or any other affirmative evidence supporting a reasonable inference to the contrary.
 
 
 22
 Finally, the Appellant's argument that the bullet's downward trajectory raises a genuine issue of material fact because of the inferences that could be drawn from that fact is unconvincing. Many explanations could exist as to the downward trajectory of the bullet. One of those explanations would be that Mr. Reed was not standing perpendicular to the ground during the attack, but rather was bent over to jab the tire jack into the window. Regardless of speculation, the inferences raised from a downward trajectory of the bullet taken alone or in combination with other asserted inferences do not create a dispute of material fact on the issue before this Court. As stated earlier, under the objective reasonableness standard, the question is what the reasonable officer would have done under the circumstances at the time of the incident. Here, there is simply no adequate quantum of evidence, direct and/or circumstantial, supporting the argument that the officer acted unreasonably when Mr. Reed attacked him with a tire jack.
 
 
 23
 The summary judgment is AFFIRMED.
 
 
 
 *
 The Honorable Michael M. Mihm, Chief District Judge from the Central District of Illinois, is sitting by designation